**UNITED STATES, ex rel. Westrick, Plaintiffs,**

v.

**SECOND CHANCE BODY ARMOR, INC. et al., Defendants.**

**Civil Action No. 04–280 (RWR).**

United States District Court, District of Columbia.

May 4, 2010.

Stephen M. Kohn, Anthony C. Munter, David K. Colapinto, Kohn, Kohn & Colapinto, P.C., Eric D. Snyder, National Whistleblowers Legal Defense and Education Fund, Pro Hac, Vice, Michael J. Friedman, Albert Thomas Morris, Callie R. Owen, Jennifer Lynn Chorpening, U.S. Department of Justice, Keith V. Morgan, U.S. Attorney's Office, Washington, DC, for Plaintiffs.

William James Cople, III, Spriggs & Hollingsworth, Holly Elizabeth Loiseau, Weil, Gotshal & Manges, L.L.P., Washington, DC, James J. Parks, Jaffe, Rait, Heuer & Weiss, P.C., Southfield, MI, Brian Keith Gibson, Jed P. Winer, Jeremy T. Grabill, Konrad L. Cailteux, Michael J. Lyle, Susannah G. Heyworth, Weil, Gotshal & Manges, New York, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

The government, by relator Aaron J. Westrick, filed a complaint against defendants Second Chance Body Armor, Inc., and related entities (collectively "Second Chance"), Toyobo Co., Ltd., Toyobo America, Inc. (collectively "Toyobo"), and several individual defendants, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33, as well as common law claims in connection with the sale of Zylon body armor. A February 23, 2010 memorandum opinion denied the defendants' motion to dismiss. Toyobo filed a motion for reconsideration of the portion of the February 23rd opinion analyzing the government's FCA false statements claim. Although the February 23rd opinion erred in stating that the amendments to the FCA's false statements provision brought about by the Fraud Enforcement and Recovery Act of 2009 ("FERA") applied retroactively here, Toyobo's motion for reconsideration will be denied because the complaint nevertheless alleges a cognizable claim under the unamended provision.

### BACKGROUND

The background of this case is discussed fully in *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 685 F.Supp.2d 129 (D.D.C.2010). Briefly, the government alleges that Second Chance and Toyobo contracted for Toyobo to supply Second Chance with the synthetic fiber "Zylon" for use in manufacturing Second Chance bulletproof vests, and that Zylon deteriorated more quickly than expected. Among other causes of action, the complaint asserts that "[a]ll Defendants knowingly made or caused to be made false statements in order to get a false claim

paid by the United States . . .," in violation of the FCA. (Am. Compl. ¶ 117.) The defendants filed a motion to dismiss, and the February 23rd opinion denied the motion to dismiss with respect to the false statements claim on the ground that the government had pled that the alleged false statements were material to Second Chance's submission of false claims. *Westrick*, 685 F.Supp.2d at 139–40. Toyobo has filed a motion for reconsideration, arguing that FERA's amendments to 31 U.S.C. § 3729(a)(2) do not apply retroactively; that the opinion erred in applying the amended statute's requirement that the false statements be material to a false claim, rather than the unamended statute's requirement that the false statement be made to get a false claim paid by the government; and that the government failed to state a false statements claim because its complaint did not allege that Toyobo intended that any of its false statements be used by Second Chance to get the government to pay its claims.

## DISCUSSION

 The defendants' motion for reconsideration will be decided under Federal Rule of Civil Procedure 54(b), which governs interlocutory orders. *See Williams v. Savage*, 569 F.Supp.2d 99, 108 (D.D.C.2008) ("The standard of review for interlocutory decisions differs from the standards applied to final judgments[.]"). A district court may revisit its interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities[,]" Fed.R.Civ.P. 54(b), as justice requires. *Am. Fed'n of Teachers, AFL–CIO v. Bullock*, 605 F.Supp.2d 251, 257 (D.D.C.2009). Relevant considerations include "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or

data, or whether a controlling or significant change in the law has occurred[.]" *Id.* (quoting *In Def. of Animals v. Nat'l Insts. of Health*, 543 F.Supp.2d 70, 75 (D.D.C.2008)). The moving party must demonstrate that "some harm would accompany a denial of the motion to reconsider[.]" *In Def. of Animals*, 543 F.Supp.2d at 76. Ultimately, a court has wide discretion in deciding a motion for reconsideration and can revise its earlier decision if such relief is necessary under the circumstances. *Judicial Watch v. Dep't of Army*, 466 F.Supp.2d 112, 123 (D.D.C.2006).

 The February 23rd opinion held that:

> Congress amended § 3729(a)(2) in the Fraud Enforcement and Recovery Act of 2009 ("FERA"). The amended provision, 31 U.S.C.A. § 3729(a)(1)(B) (West 2010), creates a cause of action against anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." FERA provided for § 3729(a)(1)(B)'s retroactive application "to all claims under the False Claims Act . . . that are pending on or after" June 7, 2008. P.L. 111–21, at 1625. Because this suit was pending on June 7, 2008, the amended provision applies here.

*Westrick*, 685 F.Supp.2d at 139–40. However, it was error to conclude that FERA's amended provisions applied retroactively to the claims at issue here. The word "claims," as it applies in the relevant provision, refers to "a defendant's request for payment" and not to "civil actions for FCA violations." *United States v. Sci. Applications Int'l Corp.*, 653 F.Supp.2d 87, 107 (D.D.C.2009). Because the complaint does not allege that any requests for payment were pending after 2003, when Second

Chance discontinued selling Zylon vests, the unamended false statements provision, 31 U.S.C. § 3729(a)(2) (2006), applies.

 The unamended provision creates a cause of action against anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2) (2006). Section (a)(2) attaches FCA liability to a defendant who prepares in support of a claim a statement or record that it knows to be a misrepresentation, even if that defendant did not actually submit a claim to the government.[1] *United ed States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 501 (D.C.Cir.2004) (noting that "(a)(2) is complementary to (a)(1), designed to prevent those who make false records or statements to get claims paid or approved from escaping liability solely on the ground that they did not *themselves* present a claim for payment or approval"); *see United States ex rel. Harris v. Bernad*, 275 F.Supp.2d 1, 6 (D.D.C. 2003) (noting that "the main purpose of section 3729(a)(2) is to remove any defense that the defendants themselves did not submit false claims to the government"). "To prove a violation of section 3729(a)(2), a plaintiff must show that (1) the defendant created a record and used this record to get the government[ ] to pay its claim, (2) the record was false, and (3) the defendants knew that the record was false." *Harris*, 275 F.Supp.2d at 6.

 In *Allison Engine Co., Inc. v. United States ex rel. Sanders*, 553 U.S. 662, 128 S.Ct. 2123, 170 L.Ed.2d 1030 (2008), the Supreme Court held that the phrase "to get" requires that a person has the "purpose of getting a false or fraudulent claim 'paid or approved by the Government' in order to be liable under § 3729(a)(2)." *Id.* at 2128. "[A] subcontractor violates § 3729(a)(2) if the subcontractor submits a false statement to the prime contractor intending for the statement to be used by the prime contractor to get the government to pay its claim." *Id.* at 2130. The Court interpreted the provision to make a defendant " 'answerable for . . . the natural, ordinary and reasonable consequences of his conduct' " but not more. *Id.* (quoting *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 470, 126 S.Ct. 1991, 164 L.Ed.2d 720 (2006)).

Second Chance communicated to Toyobo—after learning from Toyobo about the accelerated degradation of Zylon—that "they both 'must avoid even the perception of a possible problem' with Zylon." (Am. Compl. ¶ 52.) Toyobo allegedly "knew that the vests Second Chance was selling to the United States Government degraded when exposed to sunlight, elevated temperatures, and humidity but did not disclose this information to the United States Government." (*Id.* ¶ 54.) The government alleges that Toyobo knowingly misrepresented and concealed facts, creating a false record that in part caused Second Chance to submit a false claim to the government. (*Id.* ¶ 117.) When the complaint is construed in the light most favorable to the plaintiff, see *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002), these factual allegations are sufficient to plead that Toyobo failed to disclose information about Zylon's degradation with the purpose of having the government pay for the defective vests. Moreover, the complaint tracks the language of the unamended § 3729(a)(2) by charging that the defen-

1. When a defendant submits a claim to the government directly, 31 U.S.C. § 3729(a)(1) applies. That provision provides a cause of action against anyone who "knowingly pres-

ents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval[.]" 31 U.S.C. § 3729(a)(1) (2006).

dants made false statements "in order to get a false claim paid by the United States[.]" (Am. Compl. ¶ 117.) Therefore, the defendants' motion to dismiss would have been denied even if the claim had been analyzed under the unamended false statements provision, and Toyobo cannot demonstrate that any harm would accompany a denial of the motion to reconsider.

## CONCLUSION AND ORDER

Although the February 23rd opinion should have applied the unamended version of 31 U.S.C. § 3729(a)(2) to the government's claim, the government has stated a cognizable claim under the unamended provision of the FCA as well. Accordingly, it is hereby

ORDERED that the defendants' motion [219] for reconsideration be, and hereby is, DENIED.